# EXHIBIT 2



United States of America
FEDERAL TRADE COMMISSION
Washington, D.C. 20580

Elisa K. Jillson
Bureau of Consumer Protection
Division of Enforcement

600 Pennsylvania Ave., NW
Mailstop M-8102B
Washington, DC  20580

(202) 326-3001
ejillson@ftc.gov

August 1, 2013

Lydia Parnes, Esq.
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW, Fifth Floor
Washington, D.C. 20006
lparnes@wsgr.com

**VIA EMAIL**

Re:   *In the Matter of Twitter, Inc.*, FTC Docket No. C-4316

Dear Lydia:

Congratulations again on your son's wedding.  I know that you are out of the office at the moment, but I wanted to respond promptly to the concern you raised during our July 29th conversation about the propriety of FTC staff's conversation with Twitter's security assessor, PricewaterhouseCoopers LLP ("PwC"), without the presence of Twitter's counsel.  Such contact is not only ethical but directly contemplated by the Order in the above-referenced matter and necessary to enforce it.

The American Bar Association's Model Rule of Professional Responsibility 4.2 articulates the "no-contact" rule in most jurisdictions.  It states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Comment 4 on Rule 4.2 suggests that a represented "person" with whom communication is prohibited may, under certain circumstances, be an employee or agent of the party.

Rule 4.2 does not apply to FTC staff's conversation with PwC.  Part III of the Order states that Twitter must obtain periodic security assessments "from a qualified, objective, *independent third-party* professional" (emphasis added).  The Order is clear that the security

assessor must be an independent third party—not an employee or agent of either Twitter or the FTC.

As an "independent third-party professional," PwC is not a represented "person" with whom Rule 4.2 limits communication. Indeed, if PwC were Twitter's agent, Twitter would be in violation of the Order's requirement that it obtain a security assessment from an "independent third-party" professional.

The FTC's Office of General Counsel fully concurs that Rule 4.2 does not apply here. The very purpose of a security or privacy order's assessment provision is to ensure that evaluation of a respondent's security or privacy program is truly objective—*i.e.*, unaffected by the interests (or litigation positions) of either the respondent or the FTC. To obtain an unvarnished explanation of an assessment, it is imperative that the FTC be able to speak directly to the assessor. For this reason, the assessment provision affords both the respondent and the FTC unhindered access to the third-party assessor.

Please let me know if you would like to discuss this matter further. You can reach me at (202) 326-3001.

Best regards,

/s/

Elisa K. Jillson