# EXHIBIT 14



United States of America
FEDERAL TRADE COMMISSION
BUREAU OF CONSUMER PROTECTION
600 PENNSYLVANIA AVENUE NW, CC-9528
WASHINGTON, DC 20580

Reenah L. Kim
Anne Collesano
Division of Enforcement
(202) 326-2272 (Kim), rkim1@ftc.gov
(202) 326-2485 (Collesano), acollesano@ftc.gov
Erik Jones
Division of Privacy and Identity Protection
(202) 492-0506, ejones2@ftc.gov

July 11, 2023

**VIA ELECTRONIC MAIL**

Daniel Koffmann, Esq. (danielkoffmann@quinnemanuel.com)
Alex Spiro, Esq. (alexspiro@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York NY 10010-1601

   Re: *In the Matter of Twitter, Inc.*, Docket No. C-4316

Dear Counsel:

  The plain language of the May 26, 2022, Order in *In the Matter of Twitter, Inc.*, FTC Docket No. C-4316 ("Order") – an order to which Twitter expressly agreed as part of its settlement with the Federal Trade Commission (FTC) last year – provides the FTC with certain rights to obtain information "for the purpose of monitoring Respondent's compliance with this Order." Order, Part XIII. Among other things, the Order requires that Respondent X Corp. ("Twitter" or the "Company") "submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce records for inspection and copying." *Id.* Moreover, "[t]he Commission is authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rule[] of Civil Procedure…30…." *Id.* (emphasis added). As you are well aware, the Order provides no right on the part of Twitter to take, or responsibility for the Commission to submit to, discovery. While this matter remains in investigation,[1] the Commission's rights to seek information and obtain discovery are not reciprocal. X Corp. therefore does not have the

---

[1] As we previously conveyed to you and your client, if FTC staff were to determine, based on its investigation, that it has no reason to believe a violation has occurred, it would accordingly not recommend that the Commission take an enforcement action.

July 11, 2023
Page 2

authority to demand information from the Commission or FTC staff about its ongoing investigation.

As to your completely baseless allegations of supposed "bias" and "overreach" by FTC staff, I refer you to my previous letter of July 6, 2023.

Respondent's refusal to comply with our June 23, 2023, requests (a refusal apparently premised on nothing more than your unfounded allegations) constitutes a violation of the Company's obligations under Part XIII of the Order.

On June 23, 2023, we re-noticed Elon Musk's deposition for July 25, 2023 – a date that you previously indicated he would be available. Please confirm in writing by the close of business on July 12, 2023, whether Mr. Musk will be appearing for his deposition. As with Respondent's refusal to comply with the June 23, 2023, demand, we will consider a failure to attend and participate fully in this deposition to violate Part XIII of the Order.

Sincerely,

Reenah L. Kim
Anne Collesano
Erik Jones