# EXHIBIT 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-cv-03070-TSH |
| Twitter, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Ernst & Young LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, DC 20005 | Date and Time:<br><br>08/16/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/02/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___X Corp.___
(successor in interest to Defendant, Twitter, Inc.) _____, who issues or requests this subpoena, are:

Alex Spiro, 51 Madison Avenue, 22nd Floor, New York, NY 20010 alexspiro@quinnemanuel.com (212) 849-7000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:22-cv-03070-TSH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1.      "ACTION" means *United States v. Twitter, Inc.*, 3:22 Civ. 3070 (TSH) (N.D. Cal.).

2.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information, facts or ideas, INCLUDING communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, instant message, text message, electronic chat, telegram, audio recordings, advertisement or other form of exchange of words, whether oral or written. "COMMUNICATION" or "COMMUNICATIONS" also means all written and unwritten but recorded correspondence, INCLUDING non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, INCLUDING memos, letters analog or digital recordings, audio recordings, electronic chat logs, voicemail, email, computer files, computer disks, or other things sent or received by YOU to or from any entity, INCLUDING files maintained or exchanged internally within YOUR business or with YOUR employees.

3.      "DOCUMENT" or "DOCUMENTS" shall mean any writings, letters, telegrams, memoranda, correspondence, email messages, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, computer data files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of COMMUNICATION is recorded, stored or produced, INCLUDING audio and video recordings, three-dimensional models, and electronically-stored information ("ESI") (INCLUDING e-mails, web pages, metadata, websites, computer discs, computer programs and computer files), whether or not in printout form. These terms shall also mean copies of DOCUMENTS even though the originals are not in YOUR possession, custody or control; every copy of a DOCUMENT which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any DOCUMENTS; and any other DOCUMENTS, item and/or

information discoverable under federal law and procedure, INCLUDING, without limitation, the items referenced in Federal Rule of Civil Procedure 34(a)(1).

4. "FEDERAL TRADE COMMISSION" means the United States Federal Trade Commission and its current and former commissioners, officers, employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing.

5. "INCLUDES" and "INCLUDING" means "including, but not limited to."

6. "PERSON" or "PERSONS" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

7. "RELATING TO," INCLUDING its various forms such as "RELATES TO," means to consist of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described.

8. "X CORP." means X Corp., successor in interest to Defendant Twitter, Inc., and its current and former officers, directors, employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and X Corp.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest (including, but not limited to, Twitter, Inc.), and any other legal entities, whether foreign or domestic, that are owned or controlled by X Corp., and all predecessors and successors in interest to such entities.

9. "YOU" and "YOUR" means Ernst & Young LLP and its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Ernst & Young LLP, and all predecessors and successors in interest to such entities, and all partners, associates, shareholders, officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing.

## INSTRUCTIONS

a. YOU are requested to produce all documents described below that can be located by a reasonable search of materials within YOUR possession, custody, or control, or in the

3

possession, custody, or control of YOUR officers, directors, agents, employees, representatives, affiliated or associated companies or any other person or entity acting or purporting to act on YOUR behalf.

b.      Each DOCUMENT or COMMUNICATION requested shall be produced in its entirety, including without limitation attachments, enclosures, cover letters, memoranda and appendices. If a DOCUMENT or COMMUNICATION that is responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

c.      DOCUMENTS in electronic form should be produced in native format, with all metadata, absent a separate agreement. DOCUMENTS in hard-copy form should be produced as scanned, color TIFF image files.

d.      Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

e.      If YOU withhold any DOCUMENT or COMMUNICATION from discovery on the basis of the attorney-client privilege, work-product protection, or other ground of privilege or immunity, YOU shall (i) describe in accordance with Federal Rule of Civil Procedure 26(b)(5) the claim being asserted and a description of the information withheld in a manner that will allow assessment of the applicability of the claimed privilege or immunity; and (ii) produce all documents called for by the portion of the request to which YOU do not object.

f.      If there are no DOCUMENTS responsive to a particular request, YOUR response shall say so in writing.

g.      In the event that any DOCUMENT or thing called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT or thing is to be identified by stating: (i) the author(s), addressee(s), and any indicated or blind copy(s); (ii) the date, number of pages and attachments or appendices; (iii) the subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the PERSONS who were authorized to carry out such destruction or discard; and (vi) whether any copies presently

4

exist and, if so, the name of the custodian of each copy. To the extent any responsive DOCUMENTS or COMMUNICATIONS are confidential in nature, a copy of the Stipulated Protective Order is attached as Attachment B, and a copy of the Order Approving Stipulated Protective Order is attached as Attachment C.

        h.      Unless otherwise indicated in a particular request, the time period relevant for these Requests is May 25, 2022 to the Present.

        i.      The obligation to provide the information sought by these requests for production is continuing within the requirements of Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1.

All COMMUNICATIONS between YOU and the FEDERAL TRADE COMMISSION.

### REQUEST FOR PRODUCTION NO. 2.

All DOCUMENTS or COMMUNICATIONS that describe, summarize, memorialize, or otherwise record or attempt to record any oral COMMUNICATIONS between YOU and the FEDERAL TRADE COMMISSION.

### REQUEST FOR PRODUCTION NO. 3.

All other DOCUMENTS or COMMUNICATIONS RELATING to written or oral COMMUNICATIONS with the FEDERAL TRADE COMMISSION.

### REQUEST FOR PRODUCTION NO. 4.

All COMMUNICATIONS RELATING TO David Roque's testimony on June 21, 2023, from June 21, 2023 to the present.

### REQUEST FOR PRODUCTION NO. 5.

All COMMUNICATIONS RELATING TO the motion filed by X CORP. in the ACTION on July 13, 2023, from July 13, 2023 to the present.