# EXHIBIT 17

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>TWITTER, INC., a corporation,<br><br>Defendant. | Case No. 3:22-cv-3070 TSH<br><br><br><br>**NON-PARTY ERNST & YOUNG LLP'S OBJECTIONS TO TWITTER, INC.'S SUBPOENA** |

Pursuant to Federal Rule of Civil Procedure 45, Non-party Ernst & Young LLP ("EY") hereby objects to defendant X Corp., successor in interest to Twitter, Inc.'s ("Twitter") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"), as set forth below.

## PRELIMINARY STATEMENT

The objections set forth herein are based on information known to EY at this time and are without prejudice to its rights to amend, correct, clarify, or assert additional general and/or specific objections should it discover additional information or grounds for objection at any time.

Although EY is serving objections to Twitter's Subpoena, it rejects the Subpoena's procedural and substantive validity. The Subpoena is improper and EY further objects to the Subpoena as set forth below.

EY's objections to the Subpoena in no way waive or intend to waive:

(1) the right to make any further objections to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any documents, information, or response it provides to the Subpoena;

(2) the right to object on any ground to the use at any hearing or trial of any documents, information, or response it provides in response to the Subpoena;

(3) the right to object on any ground at any time to a demand for further responses to the Subpoena; or

(4) the right at any time to revise, correct, add to, supplement, or clarify any of the responses or objections contained herein.

Finally, EY's objections to the Subpoena should not be understood as an acceptance by EY of the facts asserted or implied in the Subpoena or Twitter's definitions of the terms used in the Subpoena, or as an admission that the information sought by the Subpoena is relevant, material, or admissible.

## GENERAL OBJECTIONS

1. EY, a non-party to the above-captioned action (the "Action"), objects to the Subpoena as overly broad, unduly burdensome, and because it seeks documents that are not relevant to the claims or defenses of any party to the Action, and thus, are not relevant or necessary, and/or are not proportional to the needs of the Action weighed against the burden and expense to EY of complying with the Subpoena. Namely, on May 26, 2022, United States Magistrate Judge Thomas S. Hixson in the District Court for the Northern District of California (the "Court") entered a Stipulated Order for Civil Penalty, Monetary Judgment, and Injunctive Relief ("Stipulated Order") resolving the complaint filed by the United States, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC"), in the Action. The Court retained jurisdiction solely "for purposes of construction, modification, and enforcement" of the Stipulated Order. Because there are no claims or defenses pending, the Subpoena cannot seek information "relevant to any party's claim or defense" or otherwise "proportional to the needs of the case." See Fed. R. Civ. P. 26(b)(1). Moreover, the Stipulated

Order authorizes only the FTC to use discovery procedures authorized by the Federal Rules of Civil Procedure without leave of court; it does not authorize Twitter's use of those procedures. *See* Stipulated Order § XIII.A ("The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69."). Twitter's issuance of the Subpoena under Rule 45 is without legal basis.

2. Even if Twitter was authorized to issue the Subpoena under Rule 45, EY objects to the Subpoena on the basis that it violates the Federal Rules of Civil Procedure, which generally require that parties may not seek discovery from any source before the parties have conferred as required by Rule 26(f). No such conference has taken place, and this matter is not otherwise exempt from the Rule's requirement.

3. EY objects to the Subpoena to the extent that it exceeds or differs from the requirements of, or attempts to place burdens upon EY greater than those imposed or allowed by, the Federal Rules of Civil Procedure, the applicable Local Rules, or any ruling by the Court in the Action now or in the future that would relieve EY from any obligation to respond, in whole or in part, to this Subpoena.

4. EY objects to the Subpoena to the extent that it seeks information or requests the production of documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege that precludes or limits production of documents or disclosure of information.

5. EY objects to the Subpoena to the extent that it assumes disputed facts and/or contains legal conclusions in defining the documents or information sought. EY hereby denies any such disputed facts or legal conclusions.

6. EY objects to the Subpoena to the extent that individual Requests in the Subpoena are not set forth with sufficient particularity or contain terms that are argumentative, insufficiently defined, vague, ambiguous, and/or unlimited in scope.

7. EY objects to the Subpoena on the grounds that it seeks information or requests the production of documents, including but not limited to, electronically stored information, which are not reasonably accessible due to burden and expense.

8. EY objects to the Subpoena on the grounds that it calls for disclosure of confidential, proprietary, or highly sensitive information belonging to a party to the Action or another non-party, but entrusted to EY on the conditions of confidentiality and non-disclosure, or which otherwise may be protected by any and all applicable privacy laws.

9. EY objects to the Subpoena on the grounds that it imposes an insufficient amount of time for compliance, in particular, where here, EY is not a party to the underlying Action. EY objects to the date and place of the production called for by the Subpoena as unduly burdensome.

10. EY objects to the Subpoena on the grounds that it imposes an unreasonable burden and/or expense on EY, in violation of Federal Rule of Civil Procedure 45(d)(1), which requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." When a requesting party can obtain documents and information from a party to the litigation, such as the FTC, a subpoena to a nonparty for that same information imposes an undue burden and expense on that third party. *See, e.g., Free Stream Media Corp. v. Alphonso Inc.*, No. 17-CV-02107-RS (KAW), 2017 WL 6209309, at *6 (N.D. Cal. Dec. 8, 2017) ("Plaintiff fails to explain why it is seeking these documents from . . . a third party, when Defendants would have the same documents."); Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of

discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ."). Many of the documents requested in the Subpoena are also in the possession of the FTC.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. EY objects to the Instructions and Definitions to the extent they seek to impose upon EY obligations in excess of those required under the Federal Rules of Civil Procedure, the Local Rules, or orders of the Court.

2. EY objects to the definition of "You" and "Your" as vague and ambiguous, including on the grounds that "affiliates" is undefined and subject to multiple interpretations. EY will interpret "You" and "Your" to mean Ernst & Young LLP.

3. EY objects to the definition of "X Corp" as vague and ambiguous, including on the grounds that "affiliates" is undefined and subject to multiple interpretations. EY will interpret "X Corp." to mean X Corp., successor in interest to defendant Twitter, Inc.

4. EY objects to the definitions of the terms "Document" and "Communication" to the extent they purport to impose conditions, obligations, or duties beyond those required by Federal Rules of Civil Procedure 26 and 34.

5. EY objects to Instruction "c" to the extent that it requires EY to produce all responsive documents in their native form with all metadata as unduly burdensome.

6. EY objects to Instruction "h," the relevant time period, as overbroad because, as of February 27, 2023, EY no longer serves as the third-party assessor of Twitter's compliance with the Stipulated Order.

## SPECIFIC OBJECTIONS TO REQUESTS

### REQUEST NO. 1:

All COMMUNICATIONS between YOU and the FEDERAL TRADE COMMISSION.

### OBJECTIONS TO REQUEST NO. 1:

EY incorporates by reference its General Objections as though fully set forth herein. EY further objects to this Request because it imposes an undue burden on EY, as a non-party to the Action, and the minimal amount of value that the requested discovery will play in resolving the issues in the Action where there are no pending claims or defenses. EY further objects to the Request as overbroad to the extent that it seeks "all" communications between EY and the FTC without any limitation as to subject matter, such that it encompasses communications regarding the engagement of EY by third parties wholly unrelated to Twitter or the Action. EY further objects to this Request to the extent it seeks information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome or less expensive, especially for a non-party to this Action, and particularly where, as here, the documents being requested are or should be in the possession of a party to the Action, i.e., the FTC.

### REQUEST NO. 2:

All DOCUMENTS or COMMUNICATIONS that describe, summarize, memorialize, or otherwise record or attempt to record any oral COMMUNICATIONS between YOU and the FEDERAL TRADE COMMISSION.

### OBJECTIONS TO REQUEST NO. 2:

EY incorporates by reference its General Objections as though fully set forth herein. EY further objects to this Request because it imposes an undue burden on EY, as a non-party to the Action, and the minimal amount of value that the requested discovery will play in resolving the

issues in the Action where there are no pending claims or defenses. EY further objects to the Request as overbroad to the extent that it seeks "all" documents or communications that relate to communications between EY and the FTC, without any limitation as to subject matter, such that it encompasses communications regarding the engagement of EY by third parties wholly unrelated to Twitter or the Action. EY further objects to the Request on the grounds that it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege that precludes or limits production of documents or disclosure of information, including to the extent that it requests all documents and communications without exception for those reflecting the legal advice, mental impressions, conclusions, opinions, or legal theories of EY's counsel. EY further objects to this Request to the extent it seeks information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome or less expensive, especially for a non-party to this Action, and particularly where, as here, the documents being requested are or should be in the possession of a party to the Action, i.e., the FTC. EY further objects to this Request to the extent it seeks confidential, proprietary, and sensitive business information of non-party EY, including, but not limited to, confidential internal correspondence between EY employees.

**REQUEST NO. 3:**

All other DOCUMENTS or COMMUNICATIONS RELATING to written or oral COMMUNICATIONS with the FEDERAL TRADE COMMISSION.

**OBJECTIONS TO REQUEST NO. 3:**

EY incorporates by reference its General Objections as though fully set forth herein. EY further objects to this Request because it imposes an undue burden on EY, as a non-party to the Action, and the minimal amount of value that the requested discovery will play in resolving the

issues in the Action where there are no pending claims or defenses. EY further objects to the Request as overbroad to the extent that it seeks "all" documents or communication relating to communications with the FTC, without any limitation as to subject matter, such that it encompasses communications regarding the engagement of EY by third parties wholly unrelated to Twitter or the Action. EY further objects to this Request to the extent it seeks information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome or less expensive, especially for a non-party to this Action, and particularly where, as here, the documents being requested are or should be in the possession of a party to the Action, i.e., the FTC. EY further objects to this Request to the extent it seeks confidential, proprietary, and sensitive business information of non-party EY, including, but not limited to, confidential internal correspondence between EY employees.

EY further objects to the Request on the grounds that it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege that precludes or limits production of documents or disclosure of information, including to the extent that it requests all documents and communications without exception for those reflecting the legal advice, mental impressions, conclusions, opinions, or legal theories of EY's counsel. At a July 28, 2023 meet and confer, Twitter's counsel indicated its intent to seek by this Request memoranda and notes drafted by EY's counsel relating to communications with the FTC. These documents contain the mental impressions, conclusions, opinions, and legal theories of EY's attorneys in summarizing EY's understanding of information obtained in the communications with the FTC including, for instance, by the emphasis in the memoranda of the specific issues of interest to counsel's legal analysis. In addition, such materials often characterize the importance of the information learned in the communications, draw inferences based on that information, describe

the author's impressions concerning risks, and/or identify potential areas of further inquiry. The materials thus provide access to the mental impressions, conclusions, opinions, and legal theories and advice of the counsel that participated in the communications with the FTC and drafted the document. Such material, prepared in anticipation of litigation and/or for the provision of legal advice, is protected by the work product doctrine and/or attorney client privilege.

**REQUEST NO. 4:**

All COMMUNICATIONS RELATING TO David Roque's testimony on June 21, 2023, from June 21, 2023 to the present.

**OBJECTIONS TO REQUEST NO. 4:**

EY incorporates by reference its General Objections as though fully set forth herein. EY further objects to this Request because it imposes an undue burden on EY, as a non-party to the Action, and the minimal amount of value that the requested discovery will play in resolving the issues in the Action where there are no pending claims or defenses. EY further objects to the Request on the grounds that it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege that precludes or limits production of documents or disclosure of information, including to the extent that it requests all documents and communications without exception for those reflecting the legal advice, mental impressions, conclusions, opinions, or legal theories of EY's counsel. EY further objects to this Request to the extent it seeks information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome or less expensive, especially for a non-party to this Action, and particularly where, as here, the documents being requested are or should be in the possession of a party to the Action, i.e., the FTC. EY further objects to this Request to the extent it seeks confidential, proprietary, and sensitive business

information of non-party EY, including, but not limited to, confidential internal correspondence between EY employees.

**REQUEST NO. 5:**

All COMMUNICATIONS RELATING TO the motion filed by X CORP. in the ACTION on July 13, 2023, from July 13, 2023 to the present.

**OBJECTIONS TO REQUEST NO. 5:**

EY incorporates by reference its General Objections as though fully set forth herein. EY further objects to this Request because it imposes an undue burden on EY, as a non-party to the Action, and the minimal amount of value that the requested discovery will play in resolving the issues in the Action where there are no pending claims or defenses. EY further objects to the Request on the grounds that it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege that precludes or limits production of documents or disclosure of information, including to the extent that it requests all documents and communications without exception for those reflecting the legal advice, mental impressions, conclusions, opinions, or legal theories of EY's counsel. EY further objects to this Request to the extent it seeks confidential, proprietary, and sensitive business information of non-party EY, including, but not limited to, confidential internal correspondence between EY employees.

DATED: August 15, 2023                                         KELLEY DRYE & WARREN LLP

By: */s/ Laura Riposo VanDruff*
Laura Riposo VanDruff
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Tel (202) 342-8400
Fax (202) 342-8451

        Becca J. Wahlquist
350 South Grand Avenue, Suite 380
Los Angeles, CA 90071
Tel (213) 547-4900
Fax (213) 547-4901

*Attorneys for Non-party Ernst & Young LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2023, I served by e-mail the foregoing Non-party Ernst & Young LLP's Objections to Twitter, Inc.'s Subpoena on the following counsel of record:

| | |
|---|---|
| Emmet P. Ong<br>United States Attorney's Office<br>1301 Clay Street, Suite 340-S<br>Oakland, CA 94612-5217<br>Emmet.Ong@usdoj.Gov<br><br>Deborah Sohn<br>Scott P. Kennedy<br>Zachary Cowan<br>U.S. Department of Justice<br>Civil Division Consumer Protection Branch<br>450 5th Street Nw, Suite 6400-S<br>Washington, DC 20530<br>Deborah.S.Sohn@usdoj.Gov<br>Scott.P.Kennedy@usdoj.Gov<br>Zachary.L.Cowan@usdoj.Gov<br><br>*Counsel for Plaintiff* | Alexander Benjamin Spiro<br>Casey James Adams<br>Daniel R. Koffmann<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Alexspiro@quinnemanuel.Com<br>Caseyadams@quinnemanuel.Com<br>Danielkoffmann@quinnemanuel.Com<br><br>Christopher Michel<br>Rachel G. Frank<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street, Nw, Suite 900<br>Washington, DC 20005<br>Christophermichel@quinnemanuel.Com<br>Rachelfrank@quinnemanuel.Com<br><br>*Counsel for Defendant* |

*/s/ Laura Riposo VanDruff*
Laura Riposo VanDruff