UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| X CORP.<br><br>　　　　　　　　Movant,<br><br>v.<br><br>ERNST & YOUNG, LLP<br><br>　　　　　　　　Respondent. | Civil Action No. 1:23-mc-00082-ABJ<br><br>**DECLARATION OF**<br>**THOMAS F. REDDY** |

I, Thomas F. Reddy, pursuant to 28 U.S.C. § 1746 and upon penalty of perjury, declare as follows:

1. I am the Director of Dispute Operations for Ernst & Young LLP ("EY"), which is the Respondent in the above-titled action.

2. As part of my role within EY's General Counsel's Office, I focus on issues related to electronic discovery, including the firm's responses to subpoenas and other discovery requests.

3. I submit this declaration in support of EY's Opposition to Movant X Corp.'s Motion to Compel Compliance with Subpoena Duces Tecum.

4. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I could and would testify competently thereto.

5. On or about August 3, 2023, X Corp., successor in interest to Twitter, Inc., ("Twitter"), served EY with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").

6. The Subpoena contained five requests:

  (i)  All COMMUNICATIONS between YOU and the FEDERAL TRADE COMMISSION.

  (ii)  All DOCUMENTS or COMMUNICATIONS that describe, summarize, memorialize, or otherwise record or attempt to record any oral COMMUNICATIONS between YOU and the FEDERAL TRADE COMMISSION.

  (iii)  All other DOCUMENTS or COMMUNICATIONS RELATING to written or oral COMMUNICATIONS with the FEDERAL TRADE COMMISSION.

  (iv)  All COMMUNICATIONS RELATING TO David Roque's testimony on June 21, 2023, from June 21, 2023 to the present.

  (v)  All COMMUNICATIONS RELATING TO the motion filed by X CORP. in the ACTION on July 13, 2023, from July 13, 2023 to the present.

7. As part of my role with EY, I directed that a preliminary investigation be conducted into the approximate number of potentially responsive documents that may exist.

8. To do so, a high-level search for the term "FTC" across our US Custodians between May 25, 2022 and August 3, 2023 was run. Documents potentially responsive to Twitter's Request Nos. 2 and 3 include every mention of the FTC across the firm. This search yielded approximately 4,866,556 documents with hits, exclusive of families, or approximately 16 TB of data.

9. To narrow the search, the number of potential custodians was limited by searching for the domain name "ftc.gov" across all US custodians between May 25, 2022 and August 3, 2023. This is a narrower set of custodians than required by Twitter's Requests, but this search yielded approximately 1,860 documents with hits, exclusive of families, across 83 custodians.

10. Based on a preliminary review of the search results, I estimate that the number of potentially responsive documents plus families would be somewhere between 4,000 and 5,000 documents.

11. Because the Subpoena seeks both EY's communications with the FTC and internal documents relating to those communications, there was a further search for the term "FTC" from the 83 potential custodians. This search yielded approximately 22,254 documents with hits, exclusive of families, which is approximately 41.41 GB of data.

12. Based on a preliminary review of the search results yielding 22,254 documents with hits, I estimate that the number of potentially responsive documents including families would be somewhere between 60,000 and 70,000 documents.

13. A number of the potentially responsive documents for these two searches likely contain potentially privileged or confidential information.

14. For example, the potentially responsive documents include notes, memoranda, or communications to, from, and by EY's former General Counsel, Ann Cook, and its co-Interim General Counsel and Deputy General Counsel, Meredith Moss.

15. Moreover, EY is a large professional services firm with thousands of clients, any of whom might involve EY in communications with the FTC. As such, many potentially responsive documents contain EY's communications with the FTC concerning entities other than X Corp. and/or Twitter. Given the nature of EY's business and the reasons for which it might be engaged in communications with the FTC, such communications are likely to be highly sensitive and the disclosure of the communications, or even the fact that EY is communicating with the FTC in connection with a representation, could have serious business implications for those fourth parties.

16. And as a specific example, Request No. 5, which seeks all communications related to Twitter's Rule 60 Motion, yields internal, confidential communications between EY staff and its media relations personnel.

17. Therefore, before any documents could be produced to Twitter, each of the potentially responsive documents would have to be reviewed for responsiveness, confidentiality, and privilege.

18. If EY were to review all of the documents potentially responsive to Twitter's Request Nos. 2 and 3, which encompass every mention of the FTC across the firm, given the number of potentially responsive documents, the breadth of the requests, and the privacy concerns for both EY and its other clients, EY estimates that review by its in-house, Forensic Integrity Services reviewers would cost approximately $5,000,000 – $6,000,000. It would also cost EY in excess of $496,000 just to load, host, and process the set of 4,866,556 potentially responsive documents, plus families, into a server to be reviewed over the course of at least six months. This review would therefore cost EY approximately $5,496,000 – $6,496,000.

19. Even if EY were to review the potentially responsive documents for just the 83 custodians who have had communications with the FTC, given the number of potentially responsive documents with families, the breadth of the requests, and the privacy concerns for both EY and its other clients, EY estimates that its in-house, Forensic Integrity Services reviewers would cost approximately $70,000 – $100,000. It would also cost EY approximately $3,000 just to load, host, and process the 22,254 potentially responsive documents, plus families, into a server to be reviewed over the course of six months. This review would cost EY approximately $73,000 – $103,000.

20. In addition to reviewing the documents, EY would also have to prepare the documents for production. This includes compiling all of the responsive documents, redacting or omitting any documents that are subject to attorney-client privilege or attorney work product protection, and preparing a privilege log to avoid waiver.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September  8, 2023

*Thomas Reddy*

Thomas F. Reddy